UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CARPENTERS LABOR MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC.,<br><br>                  Defendants. | No. 1:10-cv-10534-RBC |

## DEFENDANTS' ASSENTED TO MOTION TO REASSIGN CASE

State Street Bank and Trust Co. and State Street Global Advisors, Inc. (together, "State Street") respectfully move to reassign *The Board of Trustees of the Carpenters Labor Management Pension Fund v. State Street Bank and Trust Company, et. al.*, No. 1:10-cv-10534-RBC, previously assigned to Magistrate Judge Robert B. Collings, to the Honorable Patti B. Saris. There are two other substantially overlapping actions pending before Judge Saris, and therefore judicial economy favors the assignment of the present case to Judge Saris as well. In support, State Street declares as follows:

      1.      On April 7, 2009, Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P ("Fishman") filed suit against State Street in the District of Massachusetts. That action, entitled *Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P. v. State Street Corporation, et. al*, No. 1:09-cv-10533-PBS, was assigned to Judge Patti B. Saris.

2. On December 8, 2009, the Board of Trustees of the Carpenters Labor Management Pension Fund ("Carpenters") filed the above-captioned action in the Southern District of New York. On March 17, 2010, Judge Victor Marrero transferred the case from the Southern District of New York to the District of Massachusetts pursuant to 28 U.S.C. §1404(a), in the interests of justice, the convenience of the parties and witnesses, and the efficient management of the Court's docket. On March 31, 2010, the case was assigned to Magistrate Judge Robert B. Collings. The motion to transfer specifically referenced the *Fishman* action.

3. On April 8, 2010, Glass Dimensions, Inc. ("Glass Dimensions") filed suit against State Street Bank & Trust Co. in the District of Massachusetts. That action is entitled *Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, and all others similarly situated v. State Street Bank & Trust Co.*, No. 1:10-cv-10588. On April 20, 2010, the clerk's office assigned the *Glass Dimensions* action to Judge Saris. Plaintiff had designated the case as related to the *Fishman* litigation.

4. The *Carpenters* action includes common claims and allegations about the State Street securities lending program as those included in the *Fishman* and *Glass Dimensions* litigations. In particular, all three complaints allege: (i) that State Street operates and administers collective trust funds; (ii) that those collective trust funds participate in a securities lending program; (iii) that State Street violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et. seq.* in connection with its administration of those trusts; and (iv) that State Street further breached its obligations under ERISA by investing securities lending collateral from certain collective trust funds in Collateral Pools that in turn invested in mortgage-backed securities and other allegedly "high-risk" and "illiquid" investments.

5. All three cases purport to assert the following claims: (i) breach of fiduciary duty under ERISA § 404, 29 U.S.C. § 1104; and (ii) prohibited transactions under ERISA § 406, 29 U.S.C. § 1106.

6. On March 25, 2010, Judge Saris granted State Street's motion to dismiss the *Fishman* action, after directing the parties to conduct limited discovery on certain jurisdictional issues. The *Fishman* Plaintiff's time to move for reconsideration or appeal the decision has not yet elapsed.

7. The interests of justice favor the litigation of related claims in the same tribunal. Among the important considerations are the conservation of judicial resources and avoiding inconsistent rulings in similar cases. *See* 17 James Wm. Moore et al., *Federal Practice* § 111.13[1][o] (3rd ed. 2010) ("the litigation of related claims before the same judge may conserve judicial resources and avoid inconsistent rulings").

8. Because of Judge Saris's familiarity with the factual and legal issues in the *Carpenters* case, and supervision of the related *Fishman* and *Glass Dimensions* litigations, the interests of judicial economy and efficiency favor the assignment of this case to Judge Saris.

9. We have conferred with counsel for the Plaintiff about the transfer of this action to Judge Saris, and they have advised us that Plaintiff consents to this motion

For the foregoing reasons, State Street requests that the motion to reassign the case to Judge Saris be granted.

Dated: April 21, 2010
       Boston, MA

Respectfully submitted,

 /s/ Lori A. Martin
Lori A. Martin

WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman
Bryan Conley
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street Bank and Trust Company and State Street Global Advisors*, *Inc.*

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1
I, Lori A. Martin, hereby certify that, pursuant to Local Rule 7.1, prior to filing this motion, WilmerHale LLP conferred with Theodore Pintar of Coughlin Stoia Geller Rudman & Robbins LLP, counsel for Plaintiff in this action, in an attempt to resolve or narrow the issues presented.

/s/ Lori A. Martin_____
Lori A. Martin


CERTIFICATE OF SERVICE
I hereby certify that on April 21, 2010, I caused a copy of this Document to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.
/s/ Lori A. Martin_____
Lori A. Martin